### 69089. HAMIL v. THE STATE.
(324 SE2d 805)

McMURRAY, Chief Judge.

Defendant appeals his conviction of the offenses of homicide by vehicle in the first degree, leaving the scene of an accident, and failing to render aid. *Held*:

1. Defendant contends that he received ineffective assistance of counsel, in that no discovery motion was filed requesting a copy of defendant's statement to law enforcement officers, and defense counsel waived an offered Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12

LE2d 908) hearing concerning defendant's statement. "The right to effective assistance of counsel means not errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render and rendering reasonably effective assistance. *Pitts v. Glass*, 231 Ga. 638, 639 (203 SE2d 515) (1974); *Alderman v. State*, 241 Ga. 496, 511 (8) (246 SE2d 642) (1978)." *Parker v. State*, 169 Ga. App. 966, 968 (3) (315 SE2d 683). Applying this principle to the case sub judice, we find no denial of defendant's constitutional right to effective assistance of counsel. *Trenor v. State*, 252 Ga. 264, 267 (7) (313 SE2d 482). The record shows that defense counsel made appropriate and timely objections to evidence, cross-examined the State's witnesses, presented evidence on behalf of defendant, moved for directed verdict of acquittal, and made written requests to charge the jury. Although another lawyer may have conducted the defense in a different way, errors of judgment and tactical errors do not constitute denial of the effective assistance of counsel. *Bishop v. State*, 155 Ga. App. 611, 615-616 (2d) (271 SE2d 743).

2. Defendant contends the trial court erred during the pre-evidentiary charge to the jury by giving an improper definition of crime. The charge of which defendant complains was a correct but incomplete charge of the provisions of OCGA § 16-2-1. The trial court immediately realized his charge was incomplete and corrected the charge. The jury could not have been misled or confused by the incorrect statement of the law because the trial court immediately corrected the charge. See *Leonard v. State*, 146 Ga. App. 439, 443 (5) (246 SE2d 450); *Edwards v. State*, 169 Ga. App. 958, 959 (315 SE2d 675). Moreover, the incomplete language was beneficial to defendant in that it narrowed the definition of a crime. Thus, error, if any, was harmless. See *Barnes v. State*, 145 Ga. App. 38, 39 (3) (243 SE2d 302).

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED DECEMBER 4, 1984.

*Richard L. Moore*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Fred Tokars, Assistant District Attorneys*, for appellee.