A96A2395. BROWN v. THE STATE.
(480 SE2d 276)

Judge Harold R. Banke.

Antonio Brown was convicted of kidnapping with bodily injury, burglary, and aggravated assault. On appeal, he challenges the denial of his motions for directed verdict and new trial, the sufficiency of the evidence, and a jury charge.

The evidence, viewed in the light most favorable to the verdict, revealed the following. *Sims v. State*, 266 Ga. 764, 765 (1) (470 SE2d 886) (1996). A police officer spotted a stolen red Mustang parked at a telephone booth. Two black males sat in the car, waiting while a third made a telephone call. The officer followed when the Mustang pulled away. At a red light, the officer pulled next to the Mustang and recognized its occupants, one of whom was Brown. He also identified the driver as Brown's brother and co-defendant, Wesley Stewart. A high speed chase ensued, culminating when the Mustang ran off the road. Its occupants fled into some nearby woods.

Eventually Brown and Stewart separated from the other passenger and ran to a residential subdivision, with police from several jurisdictions, a law enforcement helicopter, and an armed private citizen in pursuit. After entering a home in the subdivision, Brown and Stewart discovered the victim reading a newspaper while her two young daughters played a game. One of the men demanded that the victim give him her keys.[1] He then grabbed her around the neck and walked toward her bedroom. The victim screamed, which alarmed

---

[1] Neither the victim nor her husband could remember whether Brown or Stewart grabbed the victim.

her husband who was showering. The husband got his gun, discovered his wife's situation, and demanded that Brown and Stewart leave. The man holding the victim threatened to kill her, and backed toward the kitchen door, released the victim, and exited. A police officer standing outside apprehended both men. *Held*:

1. Notwithstanding Brown's argument to the contrary, the evidence is sufficient to support each of the offenses charged. Assuming without deciding that Brown was not the man who grabbed the victim, the record shows that, in any event, he acted as a lookout and warned his brother of the husband's gun. See *Thompson v. State*, 210 Ga. App. 655, 656 (1) (436 SE2d 799) (1993). Thus, no proof that Brown actually touched the victim was necessary to support the kidnapping with bodily injury charge because by intentionally aiding and abetting the commission of the crime he became a party to it. See OCGA § 16-2-20; *Bullard v. State*, 263 Ga. 682, 685 (1) (436 SE2d 647) (1994). As a party to the crime, he was fully accountable. *Thaxton v. State*, 184 Ga. App. 779 (1), 780 (362 SE2d 510) (1987).

We reject Brown's contention that no evidence of intent to commit theft supported the burglary count. The record shows that after the fleeing men entered the house they demanded the victim's keys. This evidence entitled the jury to infer that the men intended to steal the victim's car. OCGA § 16-7-1 (a); see *Lloyd v. State*, 168 Ga. App. 5 (308 SE2d 25) (1983). This same evidence supports the intent to commit robbery charged in the aggravated assault count. See *Lucas v. State*, 197 Ga. App. 347, 348 (2) (398 SE2d 417) (1990). Because a rational trier of fact could have found each of the essential elements of the offenses charged, the denial of Brown's motions for directed verdict and new trial was appropriate. *Lankford v. State*, 204 Ga. App. 405, 407 (3) (419 SE2d 498) (1992).

2. The trial court did not err in charging the jury on party to a crime. As noted, the evidence supported the charge. See *Capers v. State*, 220 Ga. App. 869, 871 (1) (b) (470 SE2d 887) (1996).

*Judgment affirmed. Beasley and Blackburn, JJ., concur.*

DECIDED JANUARY 14, 1997.

*James P. Brown, Jr.*, for appellant.

*Tommy K. Floyd, District Attorney, Kelley S. Powell, Assistant District Attorney*, for appellee.