A98A2249. KIMBLE v. THE STATE.
(512 SE2d 306)

ANDREWS, Judge.

James Kimble III was tried before a jury on a ten-count indictment for charges stemming from the armed robbery of a pawn shop during which two employees of the shop, Jones and Elkins, were present.

The State presented evidence that Jones and Elkins were robbed at gunpoint by Kimble and two other men, all of whom wielded guns. In support of kidnapping charges, the State showed that, during the

---

robbery, Kimble and the other robbers moved Jones and Elkins at gunpoint and against their will from one room of the shop to another. There was also evidence that, during the kidnapping of Jones, one of the robbers sexually assaulted Jones by inserting his finger into her vagina. Additional evidence showed that Kimble and the other robbers used an automobile in the robbery which had been stolen in South Carolina.

The jury found Kimble: guilty of the armed robbery of Jones (Count 1); not guilty of possession of a firearm during the commission of the armed robbery of Jones (Count 2); guilty of the armed robbery of Elkins (Count 3); guilty of possession of a firearm during the commission of the armed robbery of Elkins (Count 4); guilty of the kidnapping with bodily injury of Jones (Count 5); not guilty of possession of a firearm during the commission of the kidnapping with bodily injury of Jones (Count 6); guilty of the kidnapping of Elkins (Count 7); guilty of possession of a firearm during the commission of the kidnapping of Elkins (Count 8); not guilty of aggravated sexual battery against Jones (Count 9); and guilty of theft by receiving property stolen in another state, to wit: a 1987 Chevrolet automobile (Count 10). Kimble appeals from the judgment entered on the convictions.

1. Kimble contends that the verdicts on Counts 2 and 6 finding him not guilty of possession of a firearm during the commission of the armed robbery of Jones and during the kidnapping with bodily injury of Jones are mutually exclusive of the verdicts in Counts 4 and 8 finding him guilty of possession of a firearm during the commission of the armed robbery of Elkins and during the kidnapping of Elkins.

Since these charges arose from events which all occurred during the same period of time and during which all three men involved, including Kimble, possessed firearms, the verdicts acquitting Kimble of the possession of a firearm charges in Counts 2 and 6 are logically inconsistent with Kimble's conviction on the possession of a firearm charges in Counts 4 and 8. However, this inconsistency does not require reversal of the convictions on Counts 4 and 8.

In *Milam v. State*, 255 Ga. 560, 562 (341 SE2d 216) (1986), the Supreme Court of Georgia abolished the rule in this State against inconsistent verdicts in criminal cases and adopted the rule as to inconsistent criminal verdicts set forth by the United States Supreme Court in *United States v. Powell*, 469 U. S. 57 (105 SC 471, 83 LE2d 461) (1984) and *Dunn v. United States*, 284 U. S. 390, 393-394 (52 SC 189, 76 LE 356) (1932).

In *Powell*, the defendant was indicted on four counts of "using the telephone in committing and in causing and facilitating certain felonies — conspiracy to possess with intent to distribute and possession with intent to distribute cocaine — in violation of 84 Stat. 1263,

21 U.S.C. § 843(b)." (Punctuation omitted.) *United States v. Powell,* 469 U. S. at 60. On the same underlying facts supporting the telephone facilitation counts, the defendant was also indicted for one count of conspiracy to possess with intent to distribute cocaine and one count of possession with intent to distribute cocaine. Id. at 59-60. The jury found the defendant guilty on three of the four telephone facilitation counts, but found the defendant not guilty on the two counts charging the predicate felonies on which the telephone facilitation counts were based. Id.

The defendant argued that, because the jury could not logically acquit her of the predicate felonies and also convict her of facilitating the predicate felonies by use of a telephone, the verdicts were inconsistent, and she was entitled to reversal of the telephone facilitation convictions. The U. S. Supreme Court rejected this argument and reaffirmed its earlier holding in *Dunn v. United States,* 284 U. S. 390, that inconsistent verdicts in criminal cases need not be set aside. *Powell,* 469 U. S. at 65. The Court reasoned that "inconsistent verdicts — even verdicts that acquit on a predicate offense while convicting on the compound offense — should not necessarily be interpreted as a windfall to the Government at the defendant's expense. It is equally possible that the jury, convinced of guilt, properly reached its conclusion on the compound offense, and then through mistake, compromise, or lenity, arrived at an inconsistent conclusion on the lesser offense." Id. The Court concluded that: "The fact that the inconsistency may be the result of lenity, coupled with the Government's inability to invoke review, suggests that inconsistent verdicts should not be reviewable. We also reject, as imprudent and unworkable, a rule that would allow criminal defendants to challenge inconsistent verdicts on the ground that in their case the verdict was not the product of lenity, but of some error that worked against them. Such an individualized assessment of the reason for the inconsistency would be based either on pure speculation, or would require inquiries into the jury's deliberations that courts generally will not undertake." (Footnote omitted.) Id. at 66.

The decision in *Powell* dealt with a multi-count indictment with inconsistent verdicts convicting on some counts and acquitting on others. The *Powell* Court was careful to distinguish cases involving mutually exclusive multiple convictions, pointing out that "[n]othing in this opinion is intended to decide the proper resolution of a situation where a defendant is convicted of two crimes, where a guilty verdict on one count logically excludes a finding of guilt on the other." Id. at 69, n. 8; compare *Thomas v. State,* 199 Ga. App. 586-587 (405 SE2d 512) (1991), rev'd on other grounds, 261 Ga. 854 (413 SE2d 196) (1992) (setting forth the rule against mutually exclusive guilty verdicts).

Because *Milam*, 255 Ga. at 562, explicitly adopted the above inconsistent verdict analysis set forth by the U. S. Supreme Court in *Powell*, it follows that there is no merit to Kimble's claim that the not guilty verdicts in his favor on Counts 2 and 6 require that the guilty verdicts against him on Counts 4 and 8 be reversed.

It also follows that this Court's decision in *Strong v. State*, 223 Ga. App. 434 (477 SE2d 866) (1996) is contrary to the rule adopted in *Milam*, 255 Ga. at 562, and must be overruled. In *Strong* the defendant was indicted on two counts of aggravated assault and on one count of possession of a firearm during the commission of a felony. *Strong*, 223 Ga. App. at 434. As *Strong* notes, "[t]he indictment charging [the defendant] with possession of a firearm during the commission of a felony clearly specified that this charge was predicated upon the two alleged aggravated assaults with which [the defendant] was also charged." Id. at 434. The jury found the defendant not guilty on the two aggravated assault counts but, nevertheless, found the defendant guilty of possession of a firearm during the commission of a felony. Id. at 434.

On appeal in *Strong*, this Court agreed with the defendant's contention that, "because she was acquitted on the aggravated assault charges, her felony conviction of possession of a firearm during the commission of a felony is void and must be reversed." Id. at 434. In support of this conclusion, *Strong* reasoned that, "[b]ecause the jury acquitted [the defendant] of an essential element of the felony firearm charge, the aggravated assault charges upon which [the defendant's] felony firearms indictment was predicated, the jury's verdict on the felony firearms charge is not merely inconsistent within the contemplation of *Milam*, it is mutually exclusive and therefore contrary to law." Id. at 434-435. Accordingly, *Strong* found that "[t]he abolition of the inconsistent verdict rule in *Milam v. State*, supra, [was] inapplicable . . ." and that the decision was controlled by the rule as to mutually exclusive convictions set forth in *Thomas v. State*, 199 Ga. App. 586-587. *Strong*, 223 Ga. App. at 435.

In concluding that the inconsistent verdict rule in *Milam* was inapplicable, *Strong* misunderstood the inconsistent verdict analysis in *Powell* adopted by *Milam*, and wrongly applied the mutually exclusive multiple conviction rule set forth in *Thomas v. State*, 199 Ga. App. at 586-587. See *Strong*, 223 Ga. App. at 435-438 (Beasley, C. J., and McMurray, P. J., joined by Andrews, J., dissenting).

The inconsistent verdict issues presented in *Strong* and *Powell* are indistinguishable. The decision reversing the conviction in *Strong* was based on the conclusion that the defendant's acquittal on the predicate aggravated assault offense eliminated an essential element necessary to conviction on the charge of possession of a firearm during the commission of a felony. The situation was no different in

*Powell*, where the defendant's acquittal on the predicate offenses of conspiracy to possess with intent to distribute cocaine and possession with intent to distribute cocaine also eliminated an essential element necessary to convict on the charge that the defendant used the telephone to facilitate the commission of the predicate offenses. Nevertheless, *Powell* concluded that, despite the inconsistent verdicts, the conviction for telephone facilitation should be affirmed.

As the Court in *Powell* stated: "[The] argument that an acquittal on a predicate offense necessitates a finding of insufficient evidence on a compound felony count simply misunderstands the nature of the inconsistent verdict problem. Whether presented as an insufficient evidence argument, or as an argument that the acquittal on the predicate offense should collaterally estop the Government on the compound offense, the argument necessarily assumes that the acquittal on the predicate offense was proper — the one the jury 'really meant.' This, of course, is not necessarily correct; all we know is that the verdicts are inconsistent. . . . For the reasons previously stated, however, there is no reason to vacate [the defendant's] conviction merely because the verdicts cannot rationally be reconciled. [The defendant] is given the benefit of her acquittal on the counts on which she was acquitted, and it is neither irrational nor illogical to require her to accept the burden of conviction on the counts on which the jury convicted." *Powell*, 469 U. S. at 68-69. As the Supreme Court of Georgia has made clear, in light of the abolition of the inconsistent verdict rule in criminal cases in *Milam v. State*, 255 Ga. 560, the issue is not whether an acquittal on one charge would logically necessitate acquittal on another charge on which the jury convicted the defendant; rather the sole question is whether the evidence viewed in favor of the conviction was sufficient to support the guilty verdict. *White v. State*, 268 Ga. 28, 29 (486 SE2d 338) (1997).

*Powell* also made clear that the inconsistent verdict rule applies to inconsistencies between verdicts of acquittal and verdicts of conviction and has no application to cases involving mutually exclusive multiple convictions. *Powell*, 469 U. S. at 69, n. 8. Reiterating this distinction, *Dumas v. State*, 266 Ga. 797, 799 (471 SE2d 508) (1996) held that the inconsistent verdict rule adopted in *Milam*, 255 Ga. at 562, applies to jury verdicts of guilty on one count and not guilty on a different count, whereas the rule against mutually exclusive verdicts, as stated in *Thomas*, 199 Ga. App. at 586-587, applies to multiple guilty verdicts.

Because *Strong*, 223 Ga. App. 434, erroneously applied the rule against mutually exclusive guilty verdicts and failed to properly apply the *Milam* rule abolishing inconsistent criminal verdicts, *Strong* is overruled.

As to Kimble's claim that any of the verdicts on Counts 2 and 6,

on which he was acquitted, or on Counts 4 and 8, on which he was found guilty, are mutually exclusive, this claim could apply only as between the guilty verdicts in Counts 4 and 8. *Dumas*, 266 Ga. at 799. Since nothing in the guilty verdicts in Counts 4 or 8 logically excludes a finding of guilt on the other, these verdicts are not mutually exclusive. Compare *Thomas*, 199 Ga. App. at 586-587. This claim is without merit.

2. Kimble claims that the jury's verdicts finding him guilty of kidnapping with bodily injury of Jones (Count 5), but not guilty of aggravated sexual battery against Jones (Count 9) are mutually exclusive, and the conviction for kidnapping with bodily injury must be reversed.

The charges in Counts 5 and 9 arose from the same events. In support of the count for kidnapping with bodily injury against Jones, the State produced evidence that, during the robbery, Kimble and the other two robbers kidnapped Jones by forcing her at gunpoint against her will to move from one room of the shop to another. There was also evidence that Jones suffered bodily injury during the kidnapping when one of the men sexually assaulted her by inserting a finger into her vagina. *Culver v. State*, 230 Ga. App. 224, 232 (496 SE2d 292) (1998); OCGA § 16-5-40. The aggravated sexual battery count was based on the same evidence that one of the men inserted his finger into Jones' vagina during the kidnapping. OCGA § 16-6-22.2. Jones could not identify which of the three men inserted the finger.

On these facts, the jury's verdict finding Kimble not guilty of aggravated sexual battery was not necessarily logically inconsistent with the verdict finding him guilty of kidnapping with bodily injury. The jury could have concluded that one of the other two robbers, not Kimble, committed the offense of aggravated sexual battery by inserting his finger into Jones' vagina, and that Kimble did not commit nor was he a party to the offense of aggravated sexual battery. The jury could also have logically concluded on the same evidence that Kimble was guilty of committing or being a party to the kidnapping of Jones during which Jones was bodily injured when one of the other two robbers inserted a finger into her vagina. *Brown v. State*, 224 Ga. App. 241, 242 (480 SE2d 276) (1997).

Even though the evidence could also have been viewed by the jury in a manner which would render the verdict acquitting Kimble of aggravated sexual battery logically inconsistent with Kimble's conviction for kidnapping with bodily injury, as held in Division 1, supra, this inconsistency would not require reversal of the kidnapping with bodily injury conviction. Accordingly, this claim is without merit.

3. Kimble contends that the verdicts acquitting him of the pos-

session of a firearm charges in Counts 2 and 6 were mutually exclusive of the verdicts in Counts 1 and 3 finding him guilty of the armed robberies of Jones and Elkins.

Once again, under the facts of this case, the verdicts acquitting Kimble of the possession of a firearm charges in Counts 2 and 6 may be viewed as logically inconsistent with Kimble's conviction on the armed robbery charges in Counts 1 and 3. However, as held in Division 1, supra, this inconsistency is no impediment to affirming the convictions. This claim is also without merit.

4. Kimble contends the trial court erred by denying his motion for a directed verdict of acquittal on the charge of kidnapping with bodily harm (Count 5) because the State failed to produce sufficient evidence that Jones sustained bodily harm as required by OCGA § 16-5-40.

"Any physical injury, however slight, constitutes the requisite bodily harm within the meaning of [OCGA § 16-5-40]." *Culver v. State*, 230 Ga. App. at 232. Evidence that one of the robbers inserted a finger into Jones' vagina during the kidnapping was sufficient to show that Jones sustained the requisite bodily harm.

5. The trial court did not err by refusing to grant a directed verdict of acquittal on the charge that Kimble committed theft by receiving a 1987 Chevrolet automobile stolen in another state.

Under OCGA § 16-8-8, "[a] person commits the offense of theft by receiving property stolen in another state when he receives, disposes of, or retains stolen property which he knows or should know was stolen in another state, unless the property is received, disposed of, or retained with intent to restore it to the owner." There is no merit to Kimble's contention that the State failed to show he knew or should have known the automobile was stolen.

The State produced evidence that the Chevrolet automobile was stolen in South Carolina, and that Kimble gave a statement to police stating that he knew the automobile was stolen in South Carolina by his brother. The State also produced evidence that the automobile was used by Kimble and the other robbers in the robbery, that it was found after the robbery with an item stolen in the robbery a few feet from the automobile, and that Kimble's fingerprints were found on the automobile. This evidence was more than sufficient to allow the jury to conclude that Kimble was guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

6. Kimble contends the State failed to prove any of the charges beyond a reasonable doubt because the evidence was insufficient to show that he was present or participated in the robbery.

This contention is devoid of any merit. Jones and Elkins identified Kimble in court as one of the men who robbed them at gunpoint. There was ample evidence to support the jury's verdicts finding that

Kimble was guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307.

*Judgment affirmed. Johnson, C. J., McMurray, P. J., Pope, P. J., Beasley, P. J., Blackburn, Smith, Ruffin, Eldridge and Barnes, JJ., concur.*

DECIDED FEBRUARY 10, 1999 — ▮▮▮▮▮▮▮

*C. Jackson Burch*, for appellant.

*Spencer Lawton, Jr.*, District Attorney, *Ronald M. Adams*, Assistant District Attorney, for appellee.