## A99A2344. DAY v. THE STATE.
(531 SE2d 357)

POPE, Presiding Judge.

Charles Day was charged with armed robbery, aggravated assault, and possession of a firearm during the commission of a felony. He was tried and convicted of aggravated assault and possession of a firearm during the commission of a felony. The jury was unable to reach a verdict on the armed robbery count, and the court declared a mistrial. Day appeals, contending that the court erred in denying his motion to arrest judgment on the conviction for possession of a firearm during the commission of a felony because that verdict was inconsistent with the mistrial on the armed robbery charge and that the court erred in instructing the jury regarding possession of a firearm during the commission of a felony. For the following reasons, we reject these arguments and affirm.

Viewing the evidence in the light most favorable to the verdict, on January 1, 1998, Alonzo Price and his wife were seated in their car in the driveway of their residence. Day approached the car, knocked on the car window, and asked for money. Price told Day that he had no money, and Price then got out of the car. At this point, Day pulled a gun out of his pants and fired it at the ground. Price got his wallet and dropped his money on the ground. When Price tried to retrieve the money, Day told him to get back. Day then got the money, returned to his car, and left the scene. Price's wife, Deborah Price, stayed in the car during the crime. Both she and Price testified to this version of events, and both identified Day at trial as the robber.

Day left the Prices' home in a burgundy, full-sized car. He was arrested shortly after the robbery about a mile away from the Prices' home. Day matched the description of the robber, and the police found Day's car, which matched the description of the robber's vehicle, at Day's part-time residence. The Prices also identified the car as the one used in the crime.

1. In his first enumeration of error, Day claims that the court erred in failing to arrest judgment on the conviction of possession of a firearm during the commission of a felony because this verdict was mutually exclusive with a hung jury on armed robbery. In support of this argument, Day cites *Strong v. State*, 223 Ga. App. 434 (477 SE2d

866) (1996), which was overruled by this court in *Kimble v. State*, 236 Ga. App. 391 (1) (512 SE2d 306) (1999). He argues that the offenses in this case were committed on January 1, 1998, and that applying *Kimble* to this case would result in an ex post facto law.

We disagree. We first note that Day failed to raise any aspect of this argument in the trial court. He did not raise the issue immediately after the verdict was returned, nor did he file a motion to arrest judgment or a motion for new trial. But even assuming that we must address any of Day's argument, we reject it. First, applying *Kimble* here does not result in the application of an ex post facto law. This principle had no bearing on this court in *Kimble*, and it has no application here.

Further, for the reasons stated in *Kimble*, we reject Day's argument that the court erred in failing to arrest judgment on the conviction for possession of a firearm during the commission of a felony. In overruling *Strong v. State*, 223 Ga. App. 434, the *Kimble* court stated that it was not necessary to vacate a conviction because of an acquittal on the predicate offense. The court stated: "there is no reason to vacate the defendant's conviction merely because the verdicts cannot rationally be reconciled." (Punctuation omitted.) *Kimble*, 236 Ga. App. at 395. The *Kimble* court then concluded that in light of the abolition of the inconsistent verdict rule in criminal cases,[1] the question becomes not whether an acquittal on one charge necessitates acquittal on another charge, but whether the evidence viewed in favor of the conviction was sufficient to support the guilty verdict. Id. at 395; see also *Ridley v. State*, 240 Ga. App. 307, 309 (4) (523 SE2d 383) (1999).

In this case, the evidence was sufficient to convict Day of possession of a firearm during the commission of a felony. Accordingly, we conclude that a rational trier of fact could find from the evidence adduced at trial proof of Day's guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Secondly, citing *Perguson v. State*, 221 Ga. App. 212 (470 SE2d 909) (1996), Day argues that the trial court erred by instructing the jury that possession of a firearm could be committed either with the commission of an armed robbery or with an *attempt* to commit an armed robbery, because the indictment alleged only that he had committed the crime by committing the armed robbery. Although Day did not object to this charge at trial, he contends that the error was substantially harmful and warrants reversal. We disagree.

---

[1] The inconsistent verdict rule, which has been abolished, applies to inconsistencies between verdicts of acquittal and verdicts of conviction. See generally *Kimble v. State*, 236 Ga. App. at 395. For the law regarding mutually exclusive multiple convictions, see *Dumas v. State*, 266 Ga. 797, 799 (2) (471 SE2d 508) (1996).

Jury instructions must be read and considered as a whole in determining whether a charge contained error. *Hambrick v. State*, 256 Ga. 688, 690 (3) (353 SE2d 177) [(1987)]. Absent a remedial instruction, reversible error can occur if a jury charge recites the entire statutory definition of a crime, thereby informing the jury that a crime may be committed in more than one manner, when the indictment avers that the crime was committed only in one specific way. *Dukes v. State*, 265 Ga. 422, 423 (457 SE2d 556) [(1995)] (court failed to give a remedial instruction limiting jury's consideration to the manner in which the offense was averred to have been committed in the indictment); but compare *Green v. State*, 221 Ga. App. 694 (2) (472 SE2d 457) [(1996)].

*Hendrix v. State*, 230 Ga. App. 604, 606 (2) (497 SE2d 236) (1997). In this instance, the trial court did *not* err in charging the entire language of OCGA § 16-11-106 (b) (1), pertaining to possession of a firearm during the commission of a felony because the jury was also given two instructions which clearly outlined the crime as charged in the indictment.

The first definition of the crime which the court gave the jury clearly tracked the language of the indictment. After giving the charge which included the language regarding attempt, the court again correctly explained to the jurors that if they found beyond a reasonable doubt that Day committed the offense of "Possession of a Firearm During the Commission of a Felony as described in Count Four," they would be authorized to find him guilty. Furthermore, the indictment went out with the jury to assist their deliberations. Compare *Levin v. State*, 222 Ga. App. 123, 126 (6) (473 SE2d 582) (1996). Despite the single reading of the complete statute, in other recitations the court properly limited the jury's deliberation to possession of a firearm during the commission of a felony as described in the indictment, and Day is not entitled to a new trial. See *Mattison v. State*, 215 Ga. App. 635 (1) (451 SE2d 807) (1994).

*Judgment affirmed. Smith and Miller, JJ., concur.*

DECIDED MARCH 15, 2000.

*Thomas E. Stewart*, for appellant.

*Tommy K. Floyd, District Attorney, Sandra A. Graves, Assistant District Attorney*, for appellee.