## A02A1525. CAGE v. THE STATE.
(569 SE2d 623)

BLACKBURN, Chief Judge.

Following a jury trial, Ashante R. Cage appeals his conviction of two counts of cruelty to children in the second degree. Cage's sole enumeration of error is that his convictions cannot stand because he was not convicted of Count 1: cruelty to children in the first degree, which was based on the same incident as the second degree cruelty counts. Finding no error, we affirm.

> On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*.[1]

(Punctuation omitted.) *Bethel v. State*.[2]

So viewed, the evidence shows that on January 27, 2001, B. L., an eight-year-old boy, went to Clayton Springs Farms with his mother to ride horses and play with his friend. B. L.'s mother boarded horses at the farm. B. L. did not ride the horses, but spent most of the day playing with his friend. During the afternoon, B. L. needed to use the restroom, so he went into the home located on the property. The bathrooms in the house were open for use by anyone who boarded

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[2] *Bethel v. State*, 232 Ga. App. 82, 83 (1) (500 SE2d 595) (1998).

their horses there. B. L. found the door to the restroom was locked, and his sister and two girlfriends were playing inside. He knocked on the door a couple of times. The girls opened the door and screamed. Cage came out of a nearby bedroom and yelled at the children to get out of the house, using a curse word. Then, he grabbed B. L. by the shoulder and threw him against the wall. B. L. fell to the floor, knocked unconscious or dizzy, and was helped out of the house by one of the other children.

Cage's contention is nothing more than an assertion that his acquittal of the cruelty to children in the first degree is fatally inconsistent with his conviction for cruelty to children in the second degree. In *Milam v. State*,[3] our Supreme Court abolished the inconsistent verdict rule, and an enumeration of error predicated upon this abolished rule is without merit. "The abolishment of this rule is consistent with the principle that it is not generally within the trial court's power to make inquiries into the jury's deliberations or to speculate about the reasons for any inconsistency between guilty and not guilty verdicts." *Davis v. State*.[4]

Here, "in light of the abolition of the inconsistent verdict rule in criminal cases in Georgia, the sole issue is whether the evidence was sufficient to authorize a rational trier of fact to find [Cage] guilty of cruelty to children [in the second degree] beyond a reasonable doubt." *Chastain v. State*.[5] See also *Ardeneaux v. State*,[6] in which this Court upheld the jury verdict finding the defendant guilty of cruelty to children although not guilty of aggravated assault when both charges were based on the same incident. B. L. testified that Cage was angry, yelled at the children, cursed, and grabbed him by the arm and threw him against a wall. He further testified that he was unconscious from 15 to 20 seconds, was dizzy running out, and was in pain. N. S., one of the girls, testified that, while she was standing in the restroom doorway, she heard Cage cursing and yelling that the children should get out. She testified that she saw Cage grab B. L. by the shoulder, pick him up by the pants, and throw him down. Further, she testified that when B. L. was on the floor, he looked dizzy and his eyes were closed; he needed assistance to leave the house. L. J., another of the girls, testified that she heard the curse words and saw Cage shove B. L. The detective, who took the statements of the two girls about ten days after the incident, testified that L. J. stated that Cage had thrown B. L. about twenty steps. Based on this testimony, there was

---

[3] *Milam v. State*, 255 Ga. 560, 562 (2) (341 SE2d 216) (1986).
[4] *Davis v. State*, 245 Ga. App. 402, 404 (1) (538 SE2d 67) (2000).
[5] *Chastain v. State*, 239 Ga. App. 602, 605 (1) (b) (521 SE2d 657) (1999).
[6] *Ardeneaux v. State*, 197 Ga. App. 640 (1) (399 SE2d 258) (1990).

sufficient evidence for the jury to determine that Cage had committed battery against B. L. and that N. S. and L. J. witnessed the battery, the acts alleged in the indictment. "Accordingly, we conclude that a rational trier of fact could find from the evidence adduced at trial proof of [Cage's] guilt beyond a reasonable doubt." *Day v. State.*[7]

*Judgment affirmed. Johnson, P. J., and Miller, J., concur.*

DECIDED JULY 25, 2002.

*James W. Bradley*, for appellant.

Ashante R. Cage, *pro se.*

*Robert E. Keller, District Attorney, Lalaine A. Briones, Assistant District Attorney*, for appellee.

---

[7] *Day v. State*, 242 Ga. App. 781, 782 (1) (531 SE2d 357) (2000).