A08A0859. SOLOMAN v. THE STATE.
(669 SE2d 430)

RUFFIN, Presiding Judge.

A Bibb County jury found Josquell Soloman[1] guilty of armed robbery and possession of a firearm during the commission of a felony.[2] Soloman appeals, claiming that the trial court erred in its

---

[1] The indictment and judgment of conviction spell the appellant's last name as "Soloman," although he is referred to in his appellate brief and on occasion in the record as "Solomon."

[2] The jury found him not guilty of kidnapping and aggravated assault.

charge to the jury and in failing to properly reconsider its denial of his motion for a new trial, and that he received ineffective assistance of trial counsel. For the reasons which follow, we affirm.

1. Soloman claims that the trial court erred in instructing the jury "as to the relatedness" between Count 1, armed robbery, and Count 4, possession of a firearm during the commission of a felony. When the trial court inquired if the defendant had any objections to the jury charge, however, Soloman's trial counsel said that he had no objections and did not reserve exceptions to the charge. Accordingly, that issue was waived for purposes of appellate review.[3]

2. (a) Soloman also claims that his trial counsel was ineffective in failing to object to the trial court's jury charge. We disagree.

"To establish that there has been actual ineffective assistance of counsel, the defendant must show that counsel's performance was deficient and that the deficiency prejudiced the defense."[4] As to deficient performance, the burden is on the defendant to show that "his attorney's representation in specified instances fell below an objective standard of reasonableness."[5]

In its charge to the jury, the trial court defined the crimes of armed robbery and possession of a firearm during the commission of a felony, as alleged in Count 1 and Count 4 of the indictment, respectively. The trial court then instructed:

> And the indictment alleges that [Soloman] committed the offense of possession of a firearm while committing the offense of armed robbery. So with that being said[,] if you find he was not guilty of armed robbery, you could not find guilt of [possession of a firearm during the commission of a felony]. Those two are connected. Okay?

Soloman contends that this portion of the charge was legally deficient and that no reasonable trial counsel would have failed to raise an objection. Soloman points out that the inconsistent verdict rule has been abolished in Georgia, and he contends that the charge

---

[3] See *McCoy v. State*, 262 Ga. 699, 700-701 (2) (425 SE2d 646) (1993); *Lawson v. State*, 278 Ga. App. 852, 854 (2) (630 SE2d 131) (2006).

[4] *Peavy v. State*, 262 Ga. 782 (2) (425 SE2d 654) (1993). Although Soloman does not specifically raise the issue, we note that "[t]rial counsel's failure to reserve objections to the jury charge falls below an objective standard of reasonableness and therefore constitutes deficient performance only if the charge is objectionable." *Tillman v. Massey*, 281 Ga. 291, 292 (1) (637 SE2d 720) (2006).

[5] (Punctuation omitted.) *Johnson v. State*, 214 Ga. App. 77, 77-78 (1) (447 SE2d 74) (1994).

was erroneous because it precluded an inconsistent verdict.[6] But as the United States Supreme Court noted in *United States v. Powell*,[7] "[i]nconsistent verdicts . . . present a situation where 'error,' in the sense that the jury has not followed the court's instructions, most certainly has occurred. . . ."[8] The Court went on to find that inconsistent jury verdicts are protected from review even "when the trial judge instructs the jury that it must find the defendant guilty of the predicate offense to convict on the compound offense."[9] It follows from the Supreme Court's analysis that the legal sufficiency of the jury charge and the insulation from review of inconsistent verdicts are separate considerations, and none of the authority cited by Soloman shows otherwise.[10]

Furthermore,

> a proper instruction on the charge of possession of a firearm during [the] commission of a crime . . . required the jury . . . to find the defendant committed [the underlying felony]. This is so because it is clear from the language of OCGA § 16-11-106 (b) that the commission of the felony named in the indictment is an essential element of possession of a firearm during [the] commission of a crime, and the failure to inform the jury of an essential element of the crime charged is reversible error because the jury is left without appropriate guidelines for reaching its verdict.[11]

The portion of the trial court's charge that Soloman alleges to be deficient is generally consistent with this requirement and is not erroneous on the grounds alleged.[12]

---

[6] See *Milam v. State*, 255 Ga. 560, 562 (2) (341 SE2d 216) (1986). See *Roberts v. State*, 277 Ga. App. 730, 732 (627 SE2d 446) (2006) (acquittal on charge of possession of a firearm during commission of a felony could not be used to challenge sufficiency of the evidence as to armed robbery and burglary); *Williams v. State*, 270 Ga. App. 424, 427 (2) (606 SE2d 871) (2004) (acquittal on the underlying offense of attempted armed robbery does not mandate a reversal of conviction on the compound offense of possession of a firearm during the commission of a crime); *Day v. State*, 242 Ga. App. 781, 781-782 (1) (531 SE2d 357) (2000) (trial court did not err in failing to arrest judgment on defendant's conviction of possession of a firearm during commission of a felony notwithstanding a hung jury on armed robbery).

[7] 469 U. S. 57 (105 SC 471, 83 LE2d 461) (1984). The Supreme Court of Georgia relied on *Powell* in abolishing the inconsistent verdict rule in Georgia. See *Milam*, supra at 562 (2).

[8] *Powell*, supra at 65.

[9] Id. at 68.

[10] See, e.g., *Roberts*, supra; *Williams*, supra; *Day*, supra.

[11] (Punctuation and footnote omitted.) *King v. Waters*, 278 Ga. 122, 123-124 (2) (598 SE2d 476) (2004).

[12] Even if the trial court had erred in requiring the jury to find not guilty on the possession charge if the jury found not guilty on the armed robbery count, the error inured to Soloman's benefit. See, e.g., *Hamil v. State*, 172 Ga. App. 863, 864 (2) (324 SE2d 805) (1984)

Soloman further argues that the charge was confusing, particularly the trial court's statement that "[t]hose two are connected." The instruction implies, according to Soloman, that the jury was required to render the same verdict on the charges of armed robbery and possession of a firearm during the commission of a felony charge, whether that verdict be guilty of both, or not guilty of both. We disagree, especially considering the meaning of the charge as a whole.[13] The trial court did not instruct the jury that they were required to reach a finding of guilt on the armed robbery charge if they found Soloman guilty on the possession charge, or vice versa. Furthermore, the trial court subsequently charged the jury that "[e]ach count is to be considered separately. . . . You go through each one of these and see if the State has proved every essential element that I've charged you beyond a reasonable doubt." The trial court also instructed the jury that "[t]he burden of proof rests upon the State to prove every material allegation of the indictment and every essential element of the crime beyond a reasonable doubt." Thus, we cannot conclude that no reasonable trial attorney would have failed to object to the charge on the grounds that it was confusing. It follows that Soloman did not show that his trial counsel's performance was deficient with regard to this issue.

(b) During the jury's deliberations, the trial court announced that "the jury had some question about how Counts [1] and [4] hook together." The trial court stated, "I don't know exactly what their question is," and expressed the intention to "bring [the jury] in and [de]cipher through it." But before this could be done, the bailiff announced that the jury had reached a verdict. Soloman argues that his trial counsel was ineffective in "failing to take any action whatsoever" regarding the jury's alleged confusion, as evidenced by its having a question about the armed robbery and possession of a firearm during the commission of a felony counts. We disagree.

Soloman contends that trial counsel should have taken action by demanding that the jury be polled. However, he presents no authority for the proposition that trial counsel may be deficient in failing to ask that the trial court poll the jury.[14] Further, even if counsel's failure to ask for a poll amounted to deficient performance, Soloman

---

(erroneous instruction beneficial to defendant not harmful); *Emmons v. State*, 142 Ga. App. 553, 554 (1) (b) (236 SE2d 536) (1977) (judgment affirmed notwithstanding erroneous instruction which imposed a higher burden of proof on the State).

[13] See, e.g., *Davenport v. State*, 283 Ga. 171, 173 (4) (656 SE2d 844) (2008) ("[t]he true meaning was clear from the context of the charge as a whole and was thus not misleading") (punctuation omitted).

[14] See *Brooks v. State*, 232 Ga. App. 115, 117 (7) (501 SE2d 286) (1998) (there is no authority for the proposition that trial counsel is deficient in failing to ask that the jury be polled).

fails to show that it was reasonably probable that had the jury been polled, a problem with the verdict would have become apparent.[15]

Soloman also claims that his trial counsel was deficient for failing to require that the jury be instructed as to the definition of "possession" as it related to the possession of a firearm during commission of a felony count and in failing to demand that the trial court answer the jury's question and direct the jury to reconsider the verdict. However, it appears that these instances of alleged ineffective assistance were not raised below, and the claims are therefore waived on appeal.[16]

3. Soloman further argues that the trial court acted under a misapprehension of the law in denying his motion to reconsider the order denying him a new trial. Specifically, Soloman contends that the trial court denied his motion to reconsider because it mistakenly believed that the expiration of the term of court had deprived it of jurisdiction, and that we should therefore remand the case with direction that the trial court address the motion to reconsider on its merits.

We agree with Soloman that the trial court was authorized to reconsider its order denying Soloman a new trial,[17] but we disagree that the trial court denied the motion to reconsider because it believed it had no authority to act.[18] The trial court engaged in a discussion with Soloman's counsel about the timeliness of the motion, but then heard counsel's arguments and ruled based on the merits of those arguments. We find no error.

*Judgment affirmed. Andrews and Bernes, JJ., concur.*

---

[15] A juror testified at the hearing on motion for new trial that the jury had been confused about the jury charge, but she also testified that the jury verdict was unanimous, that she joined in the verdict, and that no one forced or threatened her to enter the verdict.

[16] See *Spear v. State*, 270 Ga. 628, 632 (5) (513 SE2d 489) (1999) (contentions of ineffectiveness not raised on motion for new trial were waived on appeal). Soloman also fails to cite to any authority to support the conclusion that these failures amounted to deficient performance on the part of his trial counsel. See, e.g., *Williams v. State*, 129 Ga. App. 103, 106-107 (5) (198 SE2d 683) (1973) (jury should have no difficulty in applying the concept of "possession" without a defining charge).

[17] The State does not dispute Soloman's contention that the trial court had jurisdiction to reconsider. Since Soloman moved for reconsideration of the trial court's order denying his motion for a new trial in the same term of court that the order was entered, the trial court was authorized to reconsider the order. See *Platt v. State*, 200 Ga. App. 784, 784-785 (409 SE2d 878) (1991) (modification order not untimely because "motion for reconsideration . . . was filed before the end of the term in which the court entered the order granting a new trial").

[18] At the motion hearing, the trial court expressed some reservations about whether "the whole issue is moot," in light of the expiration of term of court following the "original motion." Defense counsel reminded the trial court that "we had a conversation about that," and subsequently represented that he "did research [and] . . . there was not a problem." The trial court proceeded to hear extended arguments on the motion.

DECIDED OCTOBER 28, 2008 —
RECONSIDERATION DENIED NOVEMBER 14, 2008 —

*Bernadette C. Crucilla*, for appellant.

*Howard Z. Simms, District Attorney, Sandra G. Matson, Assistant District Attorney*, for appellee.