## S01A1028. THE STATE v. JONES.
### (553 SE2d 612)

CARLEY, Justice.

The grand jury returned an indictment charging Anita Newberry Jones and two co-defendants with one count of malice murder, two counts of felony murder, and one count each of conspiracy to commit robbery, aggravated battery, and concealing the death of another. The felony murder counts incorporate the conspiracy and aggravated battery counts, respectively, as the underlying felonies. The alleged crimes occurred 14 years prior to the return of the indictment. Ms. Jones filed a demurrer and plea in bar based upon the expiration of the statute of limitations and the State's failure to allege any statutory exception in the indictment. The trial court sustained the demurrer and plea in bar as to every count except malice murder, with the following analysis:

> The statute of limitations for prosecution for the felonies of Conspiracy to Commit Robbery, Aggravated Battery and Concealing the Death of Another has expired and the indictment does not allege any reason for the delay. . . . A felony murder conviction is dependent upon the successful prosecution of a felony. Because the State cannot prosecute the felony it cannot prosecute the felony murder.

The State appeals pursuant to OCGA § 5-7-1 (a) (1), ( 3).

1. The State initially contends that the trial court erred in sustaining the demurrer and plea in bar as to the two counts of felony murder.

There is no applicable statute of limitation for the offense of murder. *Wooten v. State*, 262 Ga. 876, 880 (3) (426 SE2d 852) (1993). "A prosecution for murder may be commenced at any time." OCGA § 17-3-1 (a). Under OCGA § 16-5-1, murder is one offense which can be committed in several ways. "The offense of 'murder' can be committed *either* 'with malice aforethought' *or* while 'in the commission of a felony.' [Cit.]" (Emphasis in original.) *Lumpkins v. State*, 264 Ga. 255 (1) (443 SE2d 619) (1994). Indeed, "each of the three separate [murder] counts in the instant indictment refers to the *same* crime." (Emphasis in original.) *Lumpkins v. State*, supra at 258 (4). Thus, OCGA § 17-3-1 (a), in permitting the commencement of a prosecution for "murder" at any time, applies on its face to both malice murder and felony murder.

Foreign jurisdictions which have considered the issue before us have uniformly held that "the running of the statute of limitations on the underlying felony is irrelevant to a prosecution for felony murder. [Cits.]" *State v. Dennison*, 801 P2d 193, 202 (VI) (Wash. 1990). See

also *State v. Lacy*, 929 P2d 1288, 1298 (Ariz. 1996); *Sochor v. State*, 619 S2d 285, 290-291 (Fla. 1993); *Jackson v. State*, 513 S2d 1093, 1095 (Fla. App. 1987); *State v. White*, 477 NW2d 24, 26 (Neb. 1991); *Commonwealth v. Munchinski*, 585 A2d 471, 482-483 (Pa. Super. 1990); *People v. Morris*, 756 P2d 843, 850 (II) (A) (2) (Cal. 1988); *People v. Harvin*, 259 NYS2d 883, 885-886 (Sup. Ct. 1965). This holding is often based on the statutory exclusion of any limitations period either for homicide or capital crimes in general, or for murder or felony murder in particular. *State v. Lacy*, supra at 1298; *Sochor v. State*, supra at 290; *Jackson v. State*, supra at 1095; *Commonwealth v. Munchinski*, supra at 482; *People v. Harvin*, supra at 886. That analysis is clearly applicable in Georgia, since OCGA § 17-3-1 (a) expressly provides that murder is subject to no statute of limitations. "Accepting defendant's argument would effectively impose a time limit on every felony murder case, in direct contravention of legislative intent." *State v. Lacy*, supra at 1298.

Other jurisdictions also rely on the wording of their felony murder statutes, which, like Georgia's, do "not require that the defendant be charged and convicted of the underlying felony. The jury must simply find that the defendant committed or attempted to commit it." *State v. Lacy*, supra at 1298. See also OCGA § 16-5-1 (c); *State v. White*, supra at 26; *Commonwealth v. Munchinski*, supra at 483. Contrary to the trial court's analysis, a felony murder conviction is not dependent upon the successful prosecution of the underlying felony. "The mere preclusion of the state's capacity to prosecute the subordinate crime because of a time limitation has no effect upon the question of whether such crime was committed." *Jackson v. State*, supra at 1095. "The crime of murder is independent of the underlying felony. [Cit.] Therefore, the underlying felony need not be charged as a separate substantive offense, and the fact that it is time-barred does not preclude a prosecution for felony murder. [Cit.]" *People v. Morris*, supra at 850 (II) (A) (2). A felony murder charge "may not be separated into its component parts so that if the Statute of Limitations were a bar to the prosecution of one of the elements of the crime, the major crime, the felony murder charge, would also fall." *People v. Harvin*, supra at 886. We therefore conclude that the expiration of the limitations period for the underlying felony does not preclude a prosecution for felony murder.

Jones argues that the indictment is nevertheless defective as pled because the felony murder counts are incomplete and incorporate by reference other counts which must be stricken.

Although each count must be complete within itself and contain every allegation essential to constitute the crime, this rule applies to the offense rather than the form. [Cit.] There-

fore, one count may incorporate by reference portions of another, [cit.], and the indictment is read as a whole. [Cits.]

*Staples v. State*, 199 Ga. App. 551, 552, fn. 1 (405 SE2d 551) (1991). Furthermore, although one count of an indictment, which is specifically incorporated by reference into another count, "may be stricken on demurrer . . . , still the bad count is not thereby expunged from the face of the indictment, or rendered inoperative as an exhibit in aid of the remaining count. . . ." *Durden v. State*, 29 Ga. App. 548, 551 (116 SE 41) (1923). See also *Latham v. State*, 100 Ga. App. 509 (1) (112 SE2d 163) (1959). Thus, even if the underlying felony counts are stricken due to the expiration of the statute of limitations, they remain a part of the indictment to the extent that they are incorporated into the felony murder counts.

Accordingly, the trial court erred in sustaining the demurrer and plea in bar as to the two felony murder counts.

2. The State further contends that the trial court erred with respect to the non-murder counts as well.

The State relies on the principle that a conviction for a lesser included offense for which the limitations period has expired is appropriate so long as the defendant is tried for the greater offense which is within the statute of limitations. However, all of the cases cited in support of this rule involve indictments only for the greater offense, and not for the lesser offense. "[T]he statute of limitations applicable in a criminal case is that which relates to the offense *charged in the indictment*, and not to any minor offense included therein of which the accused might be found guilty. [Cits.]" (Emphasis supplied.) *Jinks v. State*, 114 Ga. 430, 431 (1) (40 SE 320) (1901). See also *Clark v. State*, 12 Ga. 350 (2) (1852). "The provisions of the statute of limitations applicable to an indictment for voluntary manslaughter will not bar a conviction of that offense *under an indictment for murder*; there being no statutory limitation as to indictments for murder." (Emphasis supplied.) *Sikes v. State*, 20 Ga. App. 80 (92 SE 553) (1917). See also *Manning v. State*, 123 Ga. App. 844 (1) (b) (182 SE2d 690) (1971); *Troup v. State*, 17 Ga. App. 387 (2) (87 SE 157) (1915). However, here, the lesser offenses are separately charged in the indictment and we have been unable to find any authority that such charges can remain as separate counts, where, ordinarily, they would be barred by the statute of limitations. Thus, we hold that the trial court correctly applied the statute of limitations to bar the underlying felony counts. Nevertheless, we recognize that a conviction for the underlying felonies may ultimately be appropriate, as they are lesser included offenses of the felony murder counts. Furthermore, we reiterate that although the underlying felonies are no longer the subject of separate counts, they remain in the

indictment as part of the felony murder counts into which they are incorporated.

The count which charges concealing the death of another also falls outside the applicable limitations period and, because it does not charge either murder or a lesser included offense thereof, it obviously must be stricken in its entirety.

Accordingly, we reverse the judgment of the trial court sustaining the demurrer and plea in bar as to the felony murder counts, but we affirm as to the non-murder counts.

*Judgment affirmed in part and reversed in part. All the Justices concur, except Benham, J., who concurs in Division 1 and in the judgment.*

DECIDED OCTOBER 1, 2001.

*T. Joseph Campbell, District Attorney*, for appellant.
*Vaughan & Evans, Donald C. Evans, Jr.*, for appellee.
*Kenneth B. Hodges III, District Attorney, Joseph F. Burford*, amici curiae.