A07A1145. LEACHMAN v. THE STATE.
(649 SE2d 886)

ELLINGTON, Judge.

A Jackson County jury found Chris Gene Leachman guilty of vehicular homicide, OCGA § 40-6-393. Leachman appeals from the judgment of conviction, contending the trial court erred in denying his plea in bar. Finding no error, we affirm.

Leachman contends the trial court erred in denying his plea in bar by allowing the State to prosecute him for vehicular homicide

---

[9] OCGA § 15-11-94 (a).

when the statute of limitation had run on the vehicular homicide's predicate offense, driving under the influence of alcohol (DUI), OCGA § 40-6-391. When a question of law is at issue, such as whether the statute of limitation bars an action, "we owe no deference to the trial court's ruling and apply the plain legal error standard of review." (Citation, punctuation and footnote omitted.) *Epps v. Hin*, 255 Ga. App. 370, 371 (565 SE2d 577) (2002); *Wright v. State*, 284 Ga. App. 169 (643 SE2d 538) (2007). The relevant facts are as follows.

On January 1, 2003, Leachman's wife, who was a passenger in the car he was driving, was fatally injured in a car accident that occurred as a result of Leachman's intoxication.[1] Over three years later, on March 7, 2006, the grand jury issued a true bill of indictment charging Leachman in Counts 1 and 2 with the vehicular homicide of his wife, OCGA § 40-6-393, and in Counts 3 and 4 with DUI, OCGA § 40-6-391. Following a hearing on Leachman's plea in bar, the State conceded the DUI counts were time-barred[2] and, therefore, redacted the indictment to omit those counts. The trial court denied Leachman's plea in bar with respect to the vehicular homicide counts, allowing the State to go forward with its prosecution on the redacted indictment. Both of these alternate counts alleged that Leachman caused the victim's death "by committing the offense of driving under the influence," pursuant to OCGA § 40-6-391 (a). Count 1 alleged DUI in that Leachman had a blood alcohol concentration of 0.08 grams or greater, and Count 2 in that Leachman was intoxicated to the extent he was a less safe driver. After the jury returned its guilty verdicts, the trial court merged Count 2 into Count 1.

Leachman argues that, even though a four-year statute of limitation applies to vehicular homicide in the first degree,[3] Counts 1 and 2 are also time-barred because the State is required to prove, as an essential element of vehicular homicide, that Leachman caused the victim's death " 'through the violation' of the DUI statute and the State could not do such since the DUI prosecutions were barred as not timely commenced." We disagree.

Georgia's vehicular homicide statute does not require, as an essential element of the offense, that a defendant be *charged with* or *convicted of* the predicate offense. Rather, the statute provides:

---

[1] Leachman does not challenge the sufficiency of the evidence supporting his conviction. We present the underlying facts in the light most favorable to the jury's verdict. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[2] Driving under the influence of alcohol is a misdemeanor, OCGA § 40-6-391 (c), and "[p]rosecution for misdemeanors must be commenced within two years after the commission of the crime." OCGA § 17-3-1 (d).

[3] Vehicular homicide in the first degree is a felony, OCGA § 40-6-393 (a), and prosecution of this felony "must be commenced within four years after the commission of the crime." OCGA § 17-3-1 (c).

> Any person who, without malice aforethought, causes the death of another person *through the violation of* subsection (a) of Code Section 40-6-163 or subsection (b) of Code Section 40-6-270 or Code Section 40-6-390 or 40-6-391 or subsection (a) of Code Section 40-6-395 commits the offense of homicide by vehicle in the first degree.

(Emphasis supplied.) OCGA § 40-6-393 (a). As we have explained "through the violation of" means that

> the State bears the burden of establishing a causal connection between the defendant's violation of OCGA § 40-6-163, § 40-6-270 (b), § 40-6-390, § 40-6-391, or § 40-6-395 and the victim's death. In other words, the State must prove that the defendant caused the victim's death by driving in the way prohibited by the predicate driving offense.

(Citations and footnote omitted.) *Henry v. State*, 284 Ga. App. 893, 895 (645 SE2d 32) (2007). Moreover, although a statutory predicate driving offense may be set out as a separate count of the indictment, a defendant may not be convicted of both a lesser included predicate offense and the greater vehicular homicide offense. As we have held, DUI constitutes a lesser included offense of first degree vehicular homicide[4] and therefore merges into the crime of first degree vehicular homicide. *Harris v. State*, 272 Ga. App. 366, 373-374 (6) (612 SE2d 557) (2005). Thus, Georgia law neither requires a formal charge nor a conviction before a DUI may serve as a predicate offense for vehicular homicide nor does it allow a lesser included DUI predicate offense to stand as a separate conviction when the defendant has been convicted of the greater crime, the vehicular homicide.

Therefore, when, as in this case, the DUI predicate offense is set out only as an element of the offense of vehicular homicide and not as a separate crime for which the defendant risks separate criminal liability, we cannot say that the State has commenced a prosecution[5]

---

[4] Because proof of the elements of first degree vehicular homicide necessarily requires proof of the elements of the underlying traffic violation, the underlying traffic violation is a lesser included offense of first degree vehicular homicide under OCGA § 16-1-6, and conviction of both offenses is prohibited by OCGA § 16-1-7. See *Duncan v. State*, 183 Ga. App. 368, 370 (5) (358 SE2d 910) (1987). See also *Curtis v. State*, 275 Ga. 576, 577 (1) (571 SE2d 376) (2002) ("The judgment of conviction and the sentence imposed for offenses included as a matter of fact or law in another offense arising out of the same facts for which the defendant has been found guilty and been sentenced are vacated by operation of law.") (citations omitted).

[5] " 'Prosecution' means all legal proceedings by which a person's liability for a crime is determined, commencing with the return of the indictment or the filing of the accusation, and including the final disposition of the case upon appeal." OCGA § 16-1-3 (14).

against the defendant for DUI to which the misdemeanor statute of limitation applies. Rather, the State has commenced a prosecution for vehicular homicide only, and the four-year limitation period applies.

Further, we are also persuaded by the reasoning in the analogous case of *State v. Jones*, 274 Ga. 287 (553 SE2d 612) (2001). In *Jones*, the Supreme Court of Georgia addressed whether a felony murder charge, for which there is no statute of limitation, can be struck from an indictment because the felony that acts as the predicate offense for the felony murder charge is time-barred. Id. at 287-288 (1). The Court explained that Georgia's felony murder statute does not require "that the defendant be charged and convicted of the underlying felony. The jury must simply find that the defendant committed or attempted to commit it." (Citations and punctuation omitted.) Id. at 288 (1). Because a felony murder conviction is not dependent upon the successful prosecution of the underlying felony, "[t]he mere preclusion of the state's capacity to prosecute the subordinate crime because of a time limitation has no effect upon the question of whether such crime was committed." (Citation and punctuation omitted.) Id. Therefore, the Court held that

> the underlying felony need not be charged as a separate substantive offense, and the fact that it is time-barred does not preclude a prosecution for felony murder. A felony murder charge may not be separated into its component parts so that if the Statute of Limitations were a bar to the prosecution of one of the elements of the crime, the major crime, the felony murder charge, would also fall. We therefore conclude that the expiration of the limitations period for the underlying felony does not preclude a prosecution for felony murder.

(Citations and punctuation omitted.) Id. This rationale applies in this case where the DUI, though a lesser included offense and an essential element of proof of the greater crime of vehicular homicide, is not required to be charged as a separate substantive offense.

For these reasons we hold that the trial court did not err in denying Leachman's plea in bar.

*Judgment affirmed. Andrews, P. J., and Adams, J., concur.*

DECIDED JULY 20, 2007 — ▮▮▮▮▮▮▮▮

*McArthur & McArthur, John J. McArthur*, for appellant.

*Timothy G. Madison, District Attorney, Robin R. Riggs, Assistant District Attorney*, for appellee.