A08A1267. BROWN v. THE STATE.
(666 SE2d 600)

MILLER, Judge.

Following a jury trial, Ronnie Edward Brown was convicted of a single count of aggravated assault, in violation of OCGA § 16-5-21. He now appeals from the trial court's denial of his motion for a new trial, asserting that the evidence was insufficient to sustain his conviction and that the trial court erred both in admitting certain evidence and in denying his motion for a directed verdict of acquittal. Discerning no error, we affirm.

> The standard of review for the denial of a motion for directed verdict of acquittal is the same as that for reviewing the sufficiency of the evidence to support a conviction. Under that standard, we view the evidence in the light most favorable to the jury's verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

(Citation and punctuation omitted.) *Grant v. State*, 289 Ga. App. 230, 233 (3) (656 SE2d 873) (2008). In doing so, we neither weigh the evidence nor judge the credibility of the witnesses. *Morgan v. State*, 277 Ga. App. 670, 671-672 (1) (627 SE2d 413) (2006).

So viewed, the evidence shows that on October 1, 2005, Officers Barnett Parr and James Reynolds of the Fitzgerald Police Department responded to a report of a stabbing at a residence on East Palm Street. Upon arriving at the scene, the officers found Christopher Timmons sitting in a chair on the front porch of the residence, bleeding profusely from a stomach wound. Timmons told police that he had been stabbed, and Angela Mathis, a witness to the incident, identified Brown by name to the police as Timmons' assailant.

Later that night, Officer Reynolds, who knew Brown, saw him walking down the street, approximately two blocks from the scene of the stabbing. At the time, Brown was wearing clothes that fit the description of the clothes worn by Timmons' assailant. Brown was taken into custody and was later identified by Mathis as the man who had stabbed Timmons.

During a search of Brown pursuant to his arrest, Officer Reynolds discovered a pocketknife with a blade approximately five inches long in Brown's front, left pocket, and saw what he believed

to be dried blood on one of the blades. Officer Reynolds confiscated the knife and booked it as evidence, placing it in a plastic tube which he then sealed, initialed, and dated. Brown objected to the introduction of this knife into evidence at trial, because the seal on the evidence container had been broken and, as a result, Officer Reynolds testified that he could not state definitively that it was the identical knife he had seized from Brown at the time of his arrest. Rather, he could only state that the knife introduced at trial was the same make and model as the one that he confiscated from Brown. The trial court overruled the objection, finding that, at the very least, the knife was admissible for demonstrative purposes.

At trial, Christine Marcetti testified that on the night in question, she had gone to East Palm Street to purchase drugs. While there she encountered Brown, who eventually attempted to steal her pocketbook. When bystanders intervened, Brown began throwing bricks. Marcetti fled the scene and, in doing so, passed Timmons sitting on the front porch of a nearby residence.

Timmons testified that as he was standing in the yard of a friend's residence, Marcetti ran past him, pursued by Brown, who was wielding a brick. Afraid that Brown was going to hit Marcetti with the brick, Timmons stepped into his path, and Brown stabbed him. As a result of his injuries, Timmons was hospitalized and had to undergo surgery.

Both Marcetti's and Timmons' testimony was supported by that of Mathis, who testified that she saw Brown attempt to take Marcetti's pocketbook and that when his attempts were thwarted, he began throwing bricks. She heard Timmons say that he had been stabbed, saw that he was bleeding heavily from his stomach, and attempted to stop the bleeding until medical help arrived.

After Brown's conviction, the trial court denied his motion for a new trial, and this appeal followed.

1. We first address Brown's claims that the evidence was insufficient to sustain his conviction and that the trial court erred in denying his motion for a directed verdict. In support of these assertions, Brown points to the lack of eyewitness testimony placing a knife in Brown's hands at the time he encountered Timmons and to the absence of "medical evidence" establishing that Timmons was stabbed. Neither of these facts, however, requires that Brown's conviction be overturned.

As set forth above, the evidence showed that at the time of Brown's arrest shortly after the incident, the police found an apparently bloodstained knife on his person. Moreover, at trial, Brown admitted both to possessing the knife and to brandishing the same at Timmons. This evidence was sufficient to establish that

Brown was armed with a knife at the time of the incident. See *Culver v. State*, 290 Ga. App. 321, 322 (659 SE2d 390) (2008).

Additionally, Timmons' testimony that he was stabbed was sufficient, standing alone, to establish that fact. See OCGA § 24-4-8 ("The testimony of a single witness is generally sufficient to establish a fact."); *Ringo v. State*, 236 Ga. App. 38, 39 (510 SE2d 893) (1999). See also *Culver*, supra, 290 Ga. App. at 323 ("Where the State and defendant present conflicting evidence at trial, those conflicts are for the jury to resolve."). Despite Brown's unsupported contention to the contrary, the State was not required to prove the cause of Brown's injuries with medical evidence.

2. Nor do we find any merit in Brown's assertion that the trial court erred in admitting into evidence the knife taken from his person at the time of his arrest. At trial, Brown objected to the admission of the knife based on the State's alleged failure to establish that it was, in fact, the same knife that was confiscated from Brown. As noted in Division 1, however, Brown subsequently identified the knife in question as being the same one that police had seized from him. Thus, on appeal, Brown argues that the admission of the knife was error because the lack of evidence proving that Timmons had been stabbed rendered the knife irrelevant. Because Brown failed to object to the knife's admission on relevancy grounds at trial, however, he cannot raise this claim of error on appeal. See *McDaniel v. State*, 289 Ga. App. 722, 725 (3) (658 SE2d 248) (2008) ("The specific ground of objection must be made at the time the evidence is offered, and the failure to do so amounts to a waiver of that specific ground.") (citation and punctuation omitted). More importantly, even if properly raised, our holding in Division 1 renders this argument meritless. The fact that a knife was found on Brown's person at the time of his arrest was clearly relevant to the issue of whether he had assaulted Timmons with a deadly weapon.

In light of the foregoing, we affirm the trial court's order denying Brown's motion for a new trial.

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED AUGUST 4, 2008.

*David E. Morgan III*, for appellant.
*Denise D. Fachini, District Attorney*, for appellee.