**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**November 5, 2013**

# In the Court of Appeals of Georgia

A13A1038. STOVER v. THE STATE.                                    DO-038 C

DOYLE, Presiding Judge.

Richard Stover appeals from his conviction of four counts of possession of a firearm during the commission of a felony,[1] contending that the evidence was insufficient to support a guilty verdict because the State failed to prove (and the jury acquitted him) of the underlying assaults and battery serving as the predicate offenses for the firearm offenses. Because Stover's argument is based on the consistency of the verdict, and Georgia has abolished the inconsistent verdict rule, we affirm.

Construed in favor of the verdict,[2] the record shows that several police officers approached an apartment to execute a warrant based on a reported drug purchase out

---

[1] OCGA § 16-11-106 (b) (1).

[2] See *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

of the apartment. An entry team knocked on the door and loudly announced "Police, search warrant." A man appeared at the door and allowed the team to enter. The team secured the man and three women inside the apartment. As police continued to secure the premises, shots were fired from another location within the apartment. Police returned fire, and Stover was hit in the hand, arm, and face. He was then disarmed and arrested.

Stover was charged with aggravated battery, aggravated assault (four counts), possession of a firearm during the commission of a crime (five counts based on the assault and battery counts), and drug violations (three counts). At trial, Stover testified that he had shot at the officers because he did not hear them announce "police," and he believed the apartment was being burglarized, which recently had happened in a similar fashion. The jury acquitted him of all counts but the firearm offenses.[3] Following the denial of his motion for new trial, Stover filed this appeal.

In a single enumeration of error, Stover challenges the sufficiency of the evidence. Specifically, he argues that the evidence was insufficient for the jury to find that he committed the firearm offenses because the jury found him not guilty as to the

---

[3] Two drug counts were not submitted to the jury.

underlying offenses, and the State failed to prove that he committed the underlying offenses. This argument fails.

The Supreme Court of Georgia has abolished the rule against inconsistent verdicts because an appellate court does not know the reasons for a jury's verdict. Accordingly, appellate courts need not invalidate a conviction on a compound offense (such as the offense of possession of a gun during the commission of a crime in the present case) which is logically inconsistent with an acquittal on the predicate or underlying offense (in this case, [assault or battery]) because the appellate court cannot know and should not speculate why a jury acquitted on the predicate offense and convicted on the compound offense. The reason could be an error by the jury in its consideration or it could be mistake, compromise, or lenity, but as a matter of prudence, the conviction on the compound offense should be upheld so long as the evidence will support it.[4]

The argument that an acquittal on a predicate offense necessitates a finding of insufficient evidence on a compound felony count simply misunderstands the nature of the inconsistent verdict problem. Whether presented as an insufficient evidence argument, or as an argument that the acquittal on the predicate offense should collaterally estop the

---

[4] (Punctuation omitted.) *Bellamy v. State*, 312 Ga. App. 899, 905 (4) (720 SE2d 323) (2011). See *Milam v. State*, 255 Ga. 560, 562 (341 SE2d 216) (1986) (abolishing the inconsistent verdict rule); *Kimble v. State*, 236 Ga. App. 391, 392-396 (1) (512 SE2d 306) (1999) (following *Milam* and overruling adverse precedent misapplying the inconsistent verdict rule).

Government on the compound offense, the argument necessarily assumes that the acquittal on the predicate offense was proper – the one the jury "really meant." This, of course, is not necessarily correct; all we know is that the verdicts are inconsistent. For the reasons previously stated, however, there is no reason to vacate the defendant's conviction merely because the verdicts cannot rationally be reconciled. The defendant is given the benefit of [his] acquittal on the counts on which [he] was acquitted, and it is neither irrational nor illogical to require [him] to accept the burden of conviction on the counts on which the jury convicted.[5]

Here, there was evidence that the officers identified themselves as police, Stover himself admitted that he shot his rifle in the direction of the officers, and there is undisputed evidence that one officer was hit. Accordingly, the evidence was sufficient to support the jury's guilty verdict as to the firearm counts.[6]

*Judgment affirmed. McFadden and Boggs, JJ., concur.*

---

[5] (Punctuation omitted.) *Kimble*, 236 Ga. App. at 395, quoting *United States v. Powell*, 469 U. S. 57, 68-69 (105 SCt 471, 83 LEd2d 461) (1984).

[6] See *Bellamy*, 312 Ga. App. at 905 (4). See also OCGA § 16-5-21 (a) (1) (aggravated assault); OCGA § 16-5-24 (a) (aggravated battery).