**FIFTH DIVISION**
**DILLARD,**
**RAY and PETERSON, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**October 27, 2016**

# In the Court of Appeals of Georgia

A16A1336. FITZPATRICK v. THE STATE.

RAY, Judge.

A jury convicted Brendon John Fitzpatrick[1] of serious injury by vehicle (OCGA § 40-6-394) and violation of the open container law (OCGA § 40-6-253).[2] He appeals from the denial of his motion for new trial, arguing that the evidence was insufficient to sustain his convictions and that the trial court erred in its instructions to the jury. For the reasons that follow, we affirm.

---

[1] We note that some documents in the record also list the appellant's first name as "Brendan."

[2] Fitzpatrick was acquitted of driving under the influence of alcohol, less safe (OCGA § 40-6-391 (a) (1)). Although the statute has been amended since the occurrence of the crime, see Laws 2013, Act 127, §4-48, effective January 1, 2014; Laws 2014, Act 624, §§ 1-19, 4-1, effective July 1, 2014, the pertinent language is identical to that under which Fitzpatrick was tried and acquitted. See Laws 2010, Act 454 § 1, effective July 1, 2010.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. An appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, we will uphold the jury's verdict. *Whitehead v. State*, 304 Ga. App. 213, 214 (1) (695 SE2d 729) (2010).

Between 4:30 a. m. and 5:00 a. m. on September 5, 2013, Melvin Johnson, Jr., was driving to work, heading toward Northlake on Brockett Road. Fitzpatrick, who was driving in the opposite direction, struck Johnson's vehicle as Fitzpatrick attempted to make a left turn. Although Johnson saw a vehicle heading toward him and braced himself, he did not recall the impact because it rendered him unconscious. An ambulance took Johnson to the hospital following the collision. His right leg was broken and he wore a hip-to-ankle brace for six months and used a wheelchair, crutches, and a walker for months afterward. He could not walk on his own until eight months after the collision, and he still wears knee braces as a result of the incident.

The police officer who responded to the scene spoke to Fitzpatrick, who was standing next to the driver's side of his vehicle. Fitzpatrick told the officer he had

2

been driving. The officer noticed a strong smell of alcohol coming from Fitzpatrick's person, and that his eyes were watery and bloodshot. An open beer can was wedged between the passenger seat and the door. Fitzpatrick was not wearing pants. He was clad only in boxer briefs, a T-shirt, socks, and shoes. When the officer asked about this, Fitzpatrick acknowledged that he was wearing underwear. Although Fitzpatrick agreed to take the horizontal gaze nystagmus test, on which all six indicators showed alcohol impairment, he refused further field sobriety tests and swore at the officer. The officer then arrested Fitzpatrick based on the results of the test, the odor of alcohol, and his admission that he had been driving. The officer read Fitzpatrick the implied consent warning twice, but declined to read it again when Fitzpatrick requested that he do so a third time. Fitzpatrick refused a breath test but requested a blood test. However, he ultimately refused to sign the consent form for the blood test.

Fitzpatrick later told a nurse at the jail that he had been driving the vehicle. When he testified at trial in his own defense, he acknowledged that he had been drinking beer in the car and that he had been out drinking with friends. While he also acknowledged that he told the officer that he was driving, he claimed at trial that he actually had not been driving and that his friend had been at the wheel.

1. Fitzpatrick argues that the State failed to introduce evidence sufficient to sustain his convictions. We disagree.

(a) *Serious injury by vehicle*. Fitzpatrick contends that no witness testified to seeing him driving; that the State presented no medical evidence to corroborate the victim's statements about the injuries to his leg; and that no expert or documentary evidence established that, as charged in the indictment, he caused the collision by turning left into the other driver's path. He also argues that the State failed to prove an essential element of the offense as charged in the indictment. The evidence was sufficient to sustain his conviction for this offense.

OCGA § 40-6-394 provides, in part:

> Whoever, without malice, shall cause bodily harm to another by depriving him of a member of his body, by rendering a member of his body useless, by seriously disfiguring his body or a member thereof . . . which renders the body or any member thereof useless through the violation of Code Section 40-6-390 or 40-6-391 shall be guilty of the crime of serious injury by vehicle.

First, the evidence was sufficient to authorize the jury to find that Fitzpatrick was driving. The evidence showed that he told a police officer and a nurse that he had been driving the vehicle. Although he later recanted this admission, the jury was

4

authorized to believe his earlier statements. *Whitehead*, supra.[3] Further, although Johnson did not remember the collision, he testified that he saw a car in his peripheral vision approaching from the left and braced himself for impact. The officer testified that he determined how the accident occurred through the statements of Johnson, and of Fitzpatrick and his passenger. The officer specifically testified that Fitzpatrick told him the accident occurred as Fitzpatrick "was getting ready to make a left turn onto Highway 78 from Brockett Road." See generally *Wynn v. State*, 236 Ga. App. 98, 100 (2) (511 SE2d 201) (1999) (totality of the circumstances, including defendant's physical position and proximity to open beer can indicated that he was in physical control of vehicle and in possession of open container even though no one saw him driving the car).

Second, the evidence was sufficient to authorize the jury to find that Johnson's injuries fell within the provisions of the serious injury by vehicle statute, OCGA § 40-6-394. Although Fitzpatrick argues that the State should have presented expert testimony as to Johnson's injuries, Johnson testified about the injuries to his leg, that

---

[3] Although on appeal Fitzpatrick mentions that trial counsel could have done a better job representing him on this point, he does not argue or enumerate as error the trial court's determination on motion for new trial that he received effective assistance of counsel, so we do not address the issue here.

it was essentially useless for months, and that he still used leg braces. See *Keef v. State*, 220 Ga. App. 134, 134, 137 (1) (a) (469 SE2d 318) (1996) (evidence sufficient where it demonstrated temporary uselessness of victim's hip and legs). The testimony of a single witness is generally sufficient to establish a fact. See generally *Brown v. State*, 293 Ga. App. 224, 226 (1) (666 SE2d 600) (2008) (State not required to prove victim's injuries with medical evidence where victim testified as to his injuries in an aggravated assault case).

Finally, Fitzpatrick argues that because the jury acquitted him of driving under the influence, the State failed to prove an essential element of the crime of serious injury by motor vehicle "as indicted."[4]

---

[4] "[D]riving under the influence can be the predicate offense for a conviction for causing serious injury by vehicle." (Emphasis omitted.) *Kirkland v. State*, 206 Ga. App. 27, 34 (17) (424 SE2d 638) (1992), citing OCGA § 40-6-394, supra. Georgia has abolished the inconsistent verdict rule. *Milam v. State*, 255 Ga. 560, 562 (2) (341 SE2d 216) (1986). Therefore, the fact that the jury acquitted Fitzpatrick of driving under the influence but convicted him of serious injury by vehicle does not render the verdict invalid. See *Stover v. State*, 324 Ga. App. 467, 468 (751 SE2d 115) (2013) (finding that where an appellate court does not know the reason for the jury's verdict, it need not invalidate the conviction on a compound offense even if it is logically inconsistent with an acquittal on the underlying offense, but should uphold the conviction if the evidence supports it). See also *Fletcher v. State*, 307 Ga. App. 131, 134 (6) (704 SE2d 222) (2010) (defendant's acquittal on reckless driving as a predicate offense did not exclude his conviction for homicide by vehicle).

The indictment for the count of serious injury by motor vehicle provided that Fitzpatrick rendered one of Johnson's knees useless "*through a violation* of Driving Under the Influence, as alleged in Count 2 of this indictment[.]" (Emphasis supplied). This language tracks the language of OCGA § 40-6-394, which provides in pertinent part that a person may be convicted of serious injury by vehicle for rendering a member of the victim's body useless "*through the violation* of Code Section . . . 4-6-391 [driving under the influence.]" (Emphasis supplied).

An analogous case is *Leachman v. State*, 286 Ga. App. 708, 708-709 (649 SE2d 886) (2007), in which this Court upheld the denial of a defendant's plea in bar where the State had prosecuted defendant for vehicular homicide although the statute of limitation had run on vehicular homicide's predicate offense of driving under the influence of alcohol. *Leachman* involves Georgia's vehicular homicide statute (OCGA § 40-6-393 (a)), which contains nearly identical predicate language to that of the serious injury by vehicle statute (OCGA § 40-6-394 (a)). The vehicular homicide statute provides that "[a]ny person who, without malice aforethought, causes the death of another person *through the violation* of subsection (a) of. . . [OCGA §] 40-6-391 . . . commits the offense of homicide by vehicle[.]" (Emphasis supplied).

7

Although Fitzpatrick argues that his acquittal for driving under the influence means that the State failed to prove he "violated" OCGA § 40-6-391 and thus failed to prove an essential element of the crime of serious injury by vehicle, *Leachman* provides otherwise. Contrary to Fitzpatrick's assertions, *Leachman* determined that "Georgia's [serious injury by vehicle] statute does not require, as an essential element of the offense, that a defendant be *charged with or convicted of* the predicate offense." (Emphasis in original.) *Leachman*, supra at 709. Rather, the language in the serious injury by vehicle statute, OCGA § 40-6-394, stating "'through the violation of'" means that the State bears the burden of establishing a causal connection between the defendant's violation of . . . [the driving under the influence statute, OCGA §] 40-6-391 . . . and the victim's death." (Citation and punctuation omitted.) *Leachman*, supra at 710.

Likewise in the instant case, the State met its burden of "establishing a causal connection" between the defendant's violation of OCGA § 40-6-391 and the serious injury by vehicle as shown in the facts above, which include Fitzpatrick's admission that he was driving the car and that he had been drinking in the car. See id. We discern no error.

(b) Fitzpatrick also contends that the evidence was insufficient to support his conviction for violating the open container law. We disagree.

OCGA § 40-6-253 (a) (2) provides in pertinent part that an "'[o]pen alcoholic beverage container' means any bottle, can, or other receptacle that: (A) *Contains any amount of alcoholic beverage*; and (B) (i) Is open or has a broken seal; or (ii) The contents of which are partially removed." (Emphasis supplied).

Fitzpatrick argues that the evidence is insufficient because the officer testified that the beer can was empty, and the State failed to introduce the can into evidence. However, Fitzpatrick himself testified at trial that the beer in the car belonged to him and that he had been drinking it. He also testified that he remembered telling the woman he later alleged was driving in his stead that he would "take my beer with me" in the car. He testified that he assumed "there was still some in [the can]" and that the beer may have spilled on him during the accident because he "reeked of alcohol," although his clothes were not wet. Given the fact that Fitzpatrick was wearing boxer shorts, a reasonable jury could have believed that he "reeked of alcohol" because the beer spilled on his bare legs rather than his boxers, and that the beer can Fitzpatrick claimed as his contained alcohol while he had it in the car. See *Kalb v. State*, 276 Ga. App. 394, 395 (1) (623 SE2d 230) (2005) (even though officer's testimony

established that bottle in defendant's car was empty, defendant's statement to officer that he drank beer while driving was proof that bottle had contained an alcoholic beverage); *Geoffrion v. State*, 224 Ga. App. 775, 779 (7) (482 SE2d 450) (1997) (evidence sufficient where defendant admitted against interest that he was drinking while driving, and where a glass smelling of alcohol was hidden under the passenger seat and the carpet was wet), overruled on other grounds by *Mullins v. State*, 270 Ga. 450, 451 (2) (511 SE2d 165) (1999).

2. Fitzpatrick argues that the trial court erred because it failed to charge the jury that it had to find every essential element of the serious injury by vehicle count "as indicted" in order to convict him. The thrust of his argument seems to be that the trial court should have instructed the jury that in order to convict Fitzpatrick of serious injury by vehicle, they also had to convict him of driving under the influence. We disagree.

First, the charge that Fitzpatrick's counsel requested is substantially similar to charge that the trial court gave. Both tracked the statutory language of OCGA § 40-6-394 (a) by referring to "a violation" of OCGA § 40-6-391 (driving under the influence). As Fitzpatrick's counsel raised no objection to this charge, we review this enumeration only for plain error. OCGA § 17-8-58 (b). Viewing the jury charges as

a whole under the plain error standard, the correct inquiry is whether the instruction at issue was erroneous, whether it was obviously so, and whether the charge likely affected the outcome of the proceeding. *Patterson v. State*, 328 Ga. App. 111, 118-119 (4) (761 SE2d 524) (2014), outlining the standard set forth in *State v. Kelly*, 290 Ga. 29, 33 (2) (a) (718 SE2d 232) (2011).

Viewing the charges as a whole, we note that the trial court charged the jury that, "[n]o person shall be convicted of any crime unless and until each element of the crime as charged in proven beyond a reasonable doubt." Further, for the reasons discussed in Division (1) (b), that a conviction under OCGA § 40-6-394 (serious injury by vehicle) as charged does not require a conviction under OCGA § 40-6-391 (a), the jury instruction as given was not plain error.

*Judgment affirmed. Dillard and Peterson, JJ., concur*.