**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE,         )
                                   )

    **v.**                       )       **ID. No. 1909010294**
                                   )

ANTHONY DALE,            )
           **Defendant.**    )

Submitted: November 18, 2021
Decided: November 18, 2021
Written Order Issued:  December 7, 2021
Withdrawn and Reissued with Corrections:  December 8, 2021

## ORDER

*Upon Defendant Anthony Dale's Motion to Dismiss Count III of the Indictment,*
**DENIED**.

Upon consideration of Defendant Anthony Dale's Motion to Dismiss Count III of the Indictment (D.I. 56), the State's response thereto (D.I. 60), the parties' arguments at hearing of the motion, and the record in this case, it appears to the Court that:

## FACTUAL AND PROCEDURAL BACKGROUND

(1)    On June 7, 2013, Anthony Berry was working behind the deli counter of the Printz Market in Wilmington when the store was robbed at gunpoint.[1] During the robbery, two Printz Market employees were shot—one of them, Mr. Berry,

---

[1]    *State v. Dale*, 2021 WL 5232344, at \*1 (Del. Super. Ct. Nov. 10, 2021).

-1-

fatally.[2]  The incident was recorded on the Printz Market's several in-store and outdoor surveillance cameras, but the identities of the three hooded assailants captured on video could not be ascertained.[3]

(2)    On June 19, 2013, Mr. Dale was arrested by the Wilmington Police Department for an unrelated firearms charge.[4]  When questioned, Mr. Dale told police that his cousin, Maleke Brittingham, had borrowed his firearm and implicated Mr. Brittingham in the Printz Market shooting.[5]  Police subsequently searched both Mr. Brittingham's and Mr. Dale's apartments, but no more evidence was found then that linked either of them to the slaying of Anthony Berry.[6]

(3)    After those fruitless searches, the case went cold for about five years when, in May of 2018, police had occasion to interview Indi Islam.[7]  Ms. Islam had numerous conversations with Wilmington Police Department investigators during the summer of 2018 that ultimately led to her admitting her part as getaway driver in the 2013 Printz Market robbery.  During Ms. Islam's several interviews with

---

[2]  *Id.*

[3]  *Id.*

[4]  *Id.*

[5]  *Id.*

[6]  *Id.*

[7]  *Id.*

investigators, she identified and described Mr. Dale's, Mr. Brittingham's, and the third assailant's involvement in the robbery-homicide. Ms. Islam was charged for her participation in the robbery, pleaded guilty to an attempted murder count, and agreed to testify in the trials of Messrs. Dale and Brittingham.[8] Mr. Brittingham has also since entered into a plea agreement, is currently awaiting sentencing, and is now expected to be a witness for the prosecution.[9]

(4) That leaves Mr. Dale—whom the State alleges to be the fatal shooter—as the sole defendant to be tried in this matter. He has been charged with two counts of first-degree murder—alleging intentional and felony murder for Mr. Berry's death—and one count of attempted first-degree murder.[10]

## MR. DALE'S MOTION TO DISMISS
## COUNT III OF THE INDICTMENT

(5) As trial loomed, Mr. Dale filed this instant Motion to Dismiss Count III of the indictment—that is, the felony murder count.[11] The State filed its response thereto[12] and the Court heard argument on this point of law.

---

[8] Plea Agreement and TIS Guilty Plea Form, *State v. Indi Islam*, ID No. 1904020331 (Del. Super. Ct. Sept. 19, 2019) (D.I. 16).

[9] Plea Agreement and TIS Guilty Plea Form, *State v. Maleke Brittingham*, ID No. 1909010295 (Del. Super. Ct. June 25, 2020) (D.I. 32).

[10] *See* Indictment, *State v. Anthony Dale*, ID. No. 1909010294 (Del. Super. Ct. Sept. 30, 2019) (D.I. 2).

[11] Mot. to Dismiss Count III, November 10, 2021 (D.I. 56).

[12] State's Resp. to Mot. to Dismiss Count III, November 16, 2021 (D.I. 60).

(6)     Mr. Dale insists that because he was indicted on the above charges more than five years after the Printz Market robbery/homicide occurred, his felony murder charge is time-barred under 11 *Del. C.* § 205(b)(1).[13]  Says Mr. Dale, given the passage of time, the State cannot prosecute him on any underlying robbery charge, and so, to him, it follows that the State's felony-murder charge should also be time-barred.[14]

## ANALYSIS

- **THE PLAIN LANGUAGE OF 11 *DEL. C.* § 205 ALLOWS THE INITIATION OF A FELONY MURDER PROSECUTION "AT ANY TIME."**

(7)     Section 205(a) permits the "prosecution for murder or any Class A felony" to be commenced at any time.[15]  While, under section 205(b)(1), "[a] prosecution for any felony ***except*** murder or any class A felony . . . must be commenced within 5 years after it is committed."[16]

(8)     Murder in the first degree is a Class A felony in Delaware.[17] Under 11 *Del. C.* § 636(a)(2), a "person is guilty of murder in the first degree when . . .

---

[13]   Mot. to Dismiss, p.1.

[14]   Mot. to Dismiss, p.2.

[15]   DEL. CODE ANN. tit. 11, § 205(a) (2012) (Time limitations).

[16]   *Id.* § 205(b)(1) (emphasis added).

[17]   DEL. CODE ANN. tit. 11, § 636 (2012) (Murder in the first degree; class A felony).

[w]hile engaged in the commission of, or attempt to commit, or flight after committing or attempting to commit any felony, the person recklessly causes the death of another person."[18]

(9) Over the last four decades, Delaware's felony murder statute has received careful scrutiny with respect to a killing's relationship to the commission of some other felony.[19] At present—and at the time of the crimes alleged here—§ 636(a)(2) requires that the reckless killing of another occur "while" the accused is engaged in any felony.[20] And "'while' engaged in felonious conduct mean[s] 'only that the killing must be directly associated with the predicate felony as one continuous occurrence.'"[21] Indeed, the fact that the slaying occurred "[w]hile [an accused] engaged in the commission of, or attempt to commit, or flight after committing or attempting to commit any felony" is a necessary element that must be proven to obtain a felony murder conviction. But that's all the engaged-in-other-felonious-conduct requirement is—an element. And that said, the true operation

---

[18] *Id.*, § 636(a)(2) (2012) (felony murder statute).

[19] *See e.g. Weick v. State*, 420 A.2d 159 (Del. 1980); *Chao v. State*, 604 A.2d 1351 (Del. 1992); *Williams v. State*, 818 A.2d 906 (Del. 2002); *Comer v. State*, 977 A.2d 334 (Del. 2009).

[20] *Comer v. State*, 977 A.2d at 340.

[21] *Id.* (citing 74 DEL. LAWS. ch. 246, synopsis (2004)).

thereof is best understood thusly:

> [T]he felony in felony murder is essential in the sense that if there were no felony the defendant could not do anything in the course of it, but the felony is only a precondition, not an element of independent significance. The real element of felony murder is not so much the felony itself as the special status a felon has from moment to moment while committing the felony.[22]

(10)   Now, Mr. Dale is correct when he points out that the Delaware Supreme Court has never squarely addressed this precise question.[23]  But it has been asked of and answered by any number of courts in other jurisdictions; the resounding answer is that "[t]he running of the statute of limitation on the underlying felony is irrelevant to a prosecution for a felony murder."[24]

(11)   As explained concisely by one, the Supreme Court of Georgia: "a felony murder conviction is not dependent upon the successful prosecution of the underlying felony. The mere preclusion of the state's capacity to prosecute the

---

[22]   *People v. Holt*, 440 N.E.2d 102, 104 (Ill. 1982) (addressing whether Illinois had jurisdiction over a given felony murder charge); *id.* at 105 ("The felony in a felony murder is the occasion for the homicide and colors the way the law will view any homicide that occurs, throwing it automatically into the murder category rather than a lower grade; but it is not what murder is about.").

[23]   This Court, though, has issued one very succinct ruling that given the plain language of 11 *Del. C.* § 205(a) mentioned above—"prosecution for murder or any class A felony may be commenced at any time"—a felony murder count was not barred by the statute of limitations applicable to the underlying felony. *State v. Brown*, 2016 WL 3356938, at *7 (Del. Super. Ct. June 2, 2016).

[24]   22A C.J.S. *Criminal Procedure and Rights of Accused* § 592 (2021); *id.* (instructing further that because felony murder "is a specific offense that is separate from the underlying felony, [ ] the running of the statute of limitations on the underlying felony does not extinguish the [felony] murder charge").

subordinate crime because of a time limitation has no effect upon the question of whether such crime was committed. The crime of murder is independent of the underlying felony. . . . and the fact that [the underlying felony] is time-barred does not preclude a prosecution for felony murder."[25]  And Georgia certainly is not alone on this.[26]

(12)   For example, the *en banc* Supreme Court of Washington held that "[c]omplying with the underlying felony's statute of limitation is not a jurisdictional prerequisite to prosecuting someone for felony murder."[27]  Similarly, the *en banc* Arizona Supreme Court held its state's felony murder statute "does not require that the defendant be charged and convicted of the underlying felony.  The jury must simply find that the defendant committed or attempted to commit it.  Even if the statute of limitations has expired on the predicate offense, a defendant may still be prosecuted for felony murder."[28]  And, likewise, the Superior Court of Pennsylvania

---

[25]  *State v. Jones*, 553 S.E.2d 612, 615 (Ga. 2001) (internal citations omitted).

[26]  *State v. Adams*, 45 N.E.3d 127, 145 (Ohio 2015) ("Similarly, our sister high courts have uniformly rejected the argument that an aggravated-felony-murder prosecution is time-barred if the predicate felonies are time-barred.") (listing cases).

[27]  *State v. Dennison*, 801 P.2d 193, 202 (Wash. 1990) (en banc); *see also Jackson v. State*, 513 So. 2d 1093, 1095 (Fla. Dist. Ct. App. 1987).

[28]  *State v. Lacy*, 929 P.2d 1288, 1298 (Ariz. 1996) (en banc) (Observing that Arizona's felony murder statute "does not require that the defendant be charged and convicted of the underlying felony. The jury must simply find that the defendant committed or attempted to commit it.  Even if the statute of limitations has expired on the predicate offense, a defendant may still be prosecuted for felony murder.").

held that the running of the statute of limitations on an underlying felony was immaterial so long as the essential elements of felony murder were proven beyond a reasonable doubt.[29]

(13) It makes sense then, that through all the discussion of Delaware's felony murder statute, in its various iterations, there has never been mention of some requirement that the accused must be still subject to successful prosecution for the specific felony he was engaged in the commission of, attempting to commit, or in flight after committing or attempting to commit. He need not be.[30] "The mere preclusion of the state's capacity to prosecute the subordinate crime because of a time limitation has no effect upon the question of whether such crime was committed" and subject to proof as part of a felony murder prosecution.[31]

## CONCLUSION

(14) Mr. Dale's suggestion that he is due dismissal of the felony murder count is precluded by the plain language of 11 *Del. C.* § 205, which allows the

---

[29] *Commonwealth v. Munchinski*, 585 A.2d 471, 482-83 (Pa. Super. Ct. 1990), *appeal denied*, 600 A.2d 535 (Pa. 1991).

[30] In fact, one need not even be charged with the underlying felony that gives rise to the felony murder count. *See e.g.*, *People v. Seals*, 776 N.W.2d 314, 325 (Mich. Ct. App. 2009) ("Michigan's felony-murder statute requires only proof that the murder occurred during the commission of a specified felony. There is no additional requirement that the defendant be *charged and convicted of* the underlying felony.") (emphasis in original); *Lacy*, 929 P.2d at 1298 (A felony murder prosecution simply "does not require that the defendant be charged and convicted of the underlying felony.").

[31] *Jackson*, 513 So.2d at 1095.

initiation of a felony murder prosecution "at any time." The crime of first-degree felony murder is independent of any underlying felony alleged to support it. So the fact that such underlying felony may be time-barred simply does not preclude a prosecution for felony murder. Accordingly, Mr. Dale's Motion to Dismiss Count III of the Indictment that charges him with first-degree felony murder must be **DENIED.**

                                                    **IT IS SO ORDERED,**

**Paul R. Wallace, Judge**

Original to Prothonotary

cc:    Anthony A. Figliola, Jr., Esq.
          John W. Downs, Esq., Deputy Attorney General
          Marc Petrucci, Esq., Deputy Attorney General